**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEB 2 4 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Marcus B. Harris,                     )
                                      )
        Plaintiff,                    )
                                      )     Case: 1:15-cv-00270
        v.                            )     Assigned To : Unassigned
                                      )     Assign. Date : 2/24/2015
Hon. Eric Holder, A.G., *et al.*,     )     Description: Pro Se Gen. Civil (F)
                                      )
        Defendants.                   )


MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has submitted a complaint and an application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A, which requires the Court to screen and dismiss a prisoner's complaint upon a determination that it fails to state a claim upon which relief may be granted. *See id.* § 1915A(b).

Plaintiff is an inmate incarcerated in Jasper, Florida. He alleges that he "filed a complaint invoking administrative A.G. Jurisdiction . . . under 28 U.S.C.A. Section 533(4) and 28 U.S.C.A. Section 509," which defendant "misconstrued . . . as [a] routine letter." Verified Complaint for Declaratory Relief and for Judicial Review of Agency Action by Employer ("Compl.") at 2. Plaintiff seeks judicial review of the response he received from the Department of Justice's Civil Rights Division. *See* Compl. Attachment (Jan. 5, 2015 Letter). Plaintiff also seeks a declaratory judgment but it is unclear just what he wants this Court to declare.

The Administrative Procedure Act ("APA") creates a cause of action for "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute[.]" 5 U.S.C. § 702. *See id.* § 704 ("Agency

1

action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."). The Civil Rights Division's letter to plaintiff merely describes the role and scope of its Special Litigation Section and informs that "[w]e will review your letter to decide whether it is necessary to contact you for additional information." Jan. 5, 2015 Letter at 1. The letter does not constitute a final agency action subject to review under the APA because it neither "imposes an obligation, denies a right, [n]or fixes some legal relationship." *Reliable Automatic Sprinkler Co., Inc. v. Consumer Product Safety Comm'n*, 324 F.3d 726, 731 (D.C. Cir. 2003) (citation omitted); *see Trudeau v. FTC*, 456 F.3d 178, 189 (D.C. Cir. 2006), quoting 5 U.S.C. § 551(13) (defining "agency action").

To the extent that plaintiff is seeking to compel the Attorney General to investigate his "complaint," he has not alleged facts or cited any authority to overcome the jurisdictional bar to such a claim. *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) ("In both civil and criminal cases, courts have long acknowledged that the Attorney General's authority to control the course of the federal government's litigation is presumptively immune from judicial review."); *Wightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 80 (D.D.C. 2010) ("[A]n agency's decision whether to prosecute, investigate, or enforce has been recognized as purely discretionary and not subject to judicial review.") (citing *Block v. SEC*, 50 F.3d 1078, 1081-82 (D.C. Cir. 1995)) (other citation omitted); *Martinez v. U.S.*, 587 F. Supp. 2d 245, 248-49 (D.D.C. 2008) ("The FBI's decision whether or not to investigate the supposed criminal activity reported by Martinez is a discretionary function[.]"). Hence, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date:  February 20 , 2015

United States District Judge

2